**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4147-17T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

R.I.,

      Defendant-Appellant.

_____

          Argued November 14, 2019 – Decided November 21, 2019

          Before Judges Haas and Enright.

          On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 92-04-0543.

          Edward C. Bertuccio argued the cause for appellant (Kalavruzos, Mumola, Hartman & Lento, LLC, attorneys; Edward C. Bertuccio, of counsel and on the brief; Jessica A. Wilson, on the brief).

          Evgeniya Sitnikova, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Evgeniya Sitnikova, of counsel and on the brief).

PER CURIAM

R.I.[1] appeals from an order dated April 11, 2018, denying his application for termination of his registration requirements under Megan's Law, N.J.S.A. 2C:7-2. We affirm.

On June 29, 1990, defendant, at age nineteen, engaged in sexual intercourse with J.L.F., who was fifteen years old. On July 5, 1990, defendant engaged in oral sex with H.E.H., who was thirteen years old. As a result of these incidents, defendant pled guilty to two counts of fourth-degree endangering the welfare of a child in violation of N.J.S.A. 2C:24-4(a). He was convicted and sentenced on March 22, 1993, to two concurrent five-year probationary terms.

At the time of defendant's plea, Megan's Law had not yet been enacted. When Megan's Law went into effect, those who were on probation for eligible offenses were required to register. N.J.S.A. 2C:7-2(b)(2). Therefore, defendant registered as a sex offender.

On September 4, 2006, investigators were contacted by an adult victim who reported she was sexually assaulted by defendant. As a result of this incident, defendant pled guilty to one count of fourth-degree criminal sexual

---

[1] We use initials to protect the privacy of the individuals involved in this matter. R. 1:38-11.

A-4147-17T1

contact, in violation of N.J.S.A. 2C:14-3(b). Because his victim was an adult, this offense was not considered a Megan's Law offense. On May 29, 2009, defendant was sentenced to a two-year probationary term.

Defendant moved to terminate his Megan's Law requirements in 2012. His application was denied. Defendant filed a second motion to terminate his Megan's Law requirements on July 24, 2017. This motion was denied in a well-reasoned, written decision by Judge Diane Pincus on April 11, 2018.

On appeal, defendant raises the following contentions:

POINT I

> CONTRARY TO THE TRIAL COURT'S ORDER DATED APRIL 11, 2018, [DEFENDANT] IS ELIGIBLE FOR THE TERMINATION OF MEGAN'S LAW REQUIREMENTS.

POINT II

> CONTRARY TO THE TRIAL COURT'S ORDER DATED APRIL 11, 2018, [DEFENDANT] HAS DEMONSTRATED BY CLEAR AND CONVINCING EVIDENCE THAT HE DOES NOT POSE A THREAT TO THE SAFETY OF OTHERS; THEREFORE, [DEFENDANT'S] OBLIGATIONS UNDER MEGAN'S LAW SHOULD BE TERMINATED.

Judge Pincus found defendant was ineligible for termination under both N.J.S.A. 2C:7-2(f) and (g). These statutory provisions state in relevant part:

f. Except as provided in subsection g. of this section, a person required to register under this act may make application to the Superior Court of this State to terminate the obligation upon proof that the person has not committed an offense within [fifteen] years following conviction or release from a correctional facility for any term of imprisonment imposed, whichever is later, and is not likely to pose a threat to the safety of others.

g. A person required to register under this section who has been convicted of . . . more than one sex offense as defined in subsection b. of this section . . . is not eligible under subsection f. of this section to make application to the Superior Court of this State to terminate the registration obligation.

[N.J.S.A. 2C:7-2(f) and (g).]

Judge Pincus deemed defendant ineligible for termination of his Megan's Law requirements under subsection (g), as he had been convicted of two different Megan's Law offenses in 1993. Additionally, she found he was ineligible under subsection (f) because defendant's 2006 offense occurred within fifteen years of his conviction in 1993.

Subsequent to Judge Pincus's decision, we issued opinions impacting a defendant's ability to obtain relief from Megan's Law requirements. R.I. argues that the holding in one such case, Matter of H.D., 457 N.J. Super. 205 (App.

Div. 2018) (certif. granted at 237 N.J. 582 (2019)), entitles him to relief from his Megan's Law obligations. We disagree.

The two defendants in H.D. had been convicted of Megan's Law offenses in 1994 and 1998, respectively, and sentenced to periods of probation, as well as community supervision for life. Id. at 208. Both were later convicted of other offenses in 2001. Id. at 209. However, each defendant remained offense free after 2001 and had been offense free for a period of fifteen years before moving for termination of his Megan's Law registration obligations. Ibid. Defendants' applications for relief were denied by the trial court.

The appellants in H.D. argued that "the fifteen-year clock reset" after their latest conviction, whereas the State maintained "a conviction for any offense forever barred relief when it occurred within fifteen years after a 'conviction or release from a correctional facility for the sex offense.'" Id. at 211. We resolved this dispute and held "permanently denying relief to a registrant who has led a law-abiding life for fifteen years after conviction and otherwise meets the requirements of subsection (f) serves no remedial purpose." Id. at 215.

Defendant's case is distinguishable from H.D. He was not offense free for a period of fifteen years after his convictions for his underlying Megan's Law offenses in 1993. That is because he committed the offense of fourth-degree

criminal sexual contact in 2006. While defendant argues this offense does not qualify as an "offense" under subsection (f), he is mistaken. Consistent with the holding in Matter of Registrant A.D., 227 N.J. 626 (2017), the meaning of the term "offense" in N.J.S.A. 2C:7-2(f) refers to a "crime, a disorderly persons offense or a petty disorderly persons offense. Thus, defendant's fourth-degree criminal sexual contact offense constitutes an "offense" under this subsection of the statute.

If R.I. had remained offense free for fifteen years following his 1993 conviction for two Megan's Law offenses, and he also satisfied the court he posed no safety risk to others, it appears he would have been eligible for termination of his Megan's Law requirements. Since defendant was not offense free for the requisite period, we need not decide if he proved he poses no threat to the safety of others. Likewise, as defendant is ineligible for termination of his Megan's Law requirements under N.J.S.A. 2C:7-2(f), we need not address whether Judge Pincus erred in denying his termination request under subsection (g)[2]. In sum, we are satisfied R.I.'s application for relief was properly denied under N.J.S.A. 2C:7-2(f).

---

[2] Our Supreme Court recently held that the amendment of N.J.S.A. 2C:7-2 to add subsection (g) should not be applied retroactively. In re G.H., __ N.J. __, __ (2019).

6

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4147-17T1